UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
BAHIG F. BISHAY, )
   Plaintiff )
      v. ) Civil Action
) No.
CITIZENS BANK OF MASSACHUSETTS, )
   Defendant )

**05-10451**

### VERIFIED COMPLAINT AND REQUEST
### FOR DECLARATORY RELIEF

#### INTRODUCTION

1. This action arises out of an agreement between Plaintiff Bahig Bishay (hereinafter "Bishay") and Defendant Citizens Bank of Massachusetts (hereinafter "Citizens"), which was incorporated into the Confirmed Chapter 11 Plan drafted by Citizens, whereby Citizens demanded that Bishay set aside in escrow $500,000 (Five Hundred Thousand US Dollars), above and beyond the full repayment of all of Bishay's obligations at 100%, including the full balance owed to Citizens -- in exchange for Bishay's right to prosecute[1] what Citizens described as <u>One Hundred Million Dollar Claim</u> against Citizens (hereafter the "Claims"), which arose from prior transactions between Citizens and Bishay -- this "agreement" is being described herein as the "Contract", and Citizens' violation thereof.

2. This Contract was approved by the Bankruptcy Court, the Chapter 11 Trustee, Bishay and Citizens, and specifically authorized Bishay, individually, to: *"Settle, Release or Prosecute"* what Citizens described as *"One Hundred Million Dollar -- Wide-ranging Claims"*.

---

[1] Webster's New World Dictionary defines the meaning of the term "PROSECUTE" as follows: "1 to follow up or pursue (something) to a conclusion *[to prosecute a war with vigor]*; 2 to carry on; engage in; 3 a) to institute legal proceedings against, or conduct criminal proceedings in court against b) to try to get, enforce, etc. by legal process *[to prosecute a claim]* -- vi. 1 to institute and carry on a legal suit 2 to act as persecutor"

## PARTIES

3. The Plaintiff Bishay is an individual having a residence at 163 Blue Hill Drive, Westwood, Norfolk County, Massachusetts.

4. Defendant, Citizens Bank of Massachusetts, is a banking corporation within the Commonwealth of Massachusetts and having a principal place of business in Boston, Suffolk County, Massachusetts.

## FACTS

5. Plaintiff Bahig Bishay and Defendant Citizens Bank entered into a binding contract (hereinafter the "Contract"), which was drafted by Citizens in the form of a Chapter 11 reorganization plan and was approved by the United States Bankruptcy Court District of Massachusetts (hereinafter the "Bankruptcy Court") on April 23, 1996.

6. The Bankruptcy Court further authorized Bishay, individually, to proceed with his Estate's Claims against Citizens (hereinafter the "Claims"), and defined Bishay's authority as to specifically: (a) *prosecute; (b) settle; or (c) release the Claims* in three separate orders dated April 23, 1996, July 31, 1996 and September 4, 1996.

7. Bishay became an "evergreen"[2] client and borrower of Charlestown Savings Bank (hereafter "Charlestown") in 1974. In 1980, Charlestown was re-named Neworld Bank (hereinafter "Neworld"), with which Bishay continued to enjoy certain evergreen credit privileges for a total of twenty years. In 1994, Neworld was sold to Citizens Bank of Massachusetts, which is owned by Citizens Financial Group, Inc., (hereinafter, collectively

---

[2] Evergreen was a term used in the banking community during the relevant time frame, where "preferred" clients, such as Bishay, who possessed high credit rating; and placed with the lending institution more than sufficient cash or other assets to secure the credit facilities offered by the various banks at that time, including Revolving Lines of Credit, were referred to as "evergreen clients" and/or "evergreen lines of credit." This category of lines

2

"Citizens") – and upon information and belief, this Holding Company is owned 100% by the Royal Bank of Scotland.

8. Upon Citizens' purchase of Neworld, Citizens decided to call numerous commercial loans, and demanded full repayment at once.

9. In connection with these unusual proceedings, Bishay was forced to liquidate valuable holdings to pay Citizens 100% of the outstanding balance during one of the most troubled banking eras in the Northeast. Within a short period, Bishay reduced the loan balance by approximately $1.0 million, while Citizens enjoyed nearly $20.0 million in Bishay's assets to secure what became a $1.5 million balance.

10. In the summer of 1995, Citizens sued Bishay for this $1.5 balance and threatened to liquidate all of Bishay's assets even-though such holdings were worth about $20.0 million at that time. Bishay filed his first counterclaim against Citizens in 1995, and later amended his counterclaim, with the approval of the Bankruptcy Court, and, inter alia, Bishay alleged that Citizens: (a) violated the covenant of good faith and fair dealing; (b) breached its contractual obligations; (c) its misconduct constituted an unfair trade practice in violation of Mass. G.L., ch. 93A -- warranting the award of multiple damages; (d) its conduct threatened Bishay with irreparable harm; (e) failed to act in a commercially reasonable manner; (f) deliberately tampered with real estate appraisals for its own financial gain; (g) concealed from Bishay and the Bankruptcy Court *two-tiered* fee agreements with its attorneys – in an attempt to enrich itself and its attorneys; (h) filed false affidavits with the State and Bankruptcy Courts; (i) deliberately inflicted personal and financial distress on Bishay and his family; and (j) refused to accept full re-payment and refused to discharge its liens on all $20.0 million of Bishay's assets-- which

---

of credit were automatically renewed one year after the next, hence the definition "evergreen".

3

eventually forced Bishay to seek bankruptcy protection.

11. Bishay quickly arranged for a new loan to repay the $1.5 million balance, and upon contacting Citizens, Bishay was advised that its senior management instructed the loan officers <u>not</u> to accept full repayment from Bishay (including costs and interest incurred as of that time), and instead, told Bishay that unless he was willing to sign a general release, in addition to the full repayment of the loan and related costs, Citizens was unwilling to accept full repayment, and was also unwilling to discharge its liens on all of Bishay's $20.0 million in collateral.

12. Citizens insisted that as a prerequisite to accepting full repayment, Bishay had to release the bank, its officers, executives and owners from all liabilities in connection with accelerating the repayment of the Neworld evergreen loan, and in connection with Bishay's new relationship with Citizens. Such a demand was inconsistent with the actual loan Terms and Conditions. And due to the uncertainty of the aggregate actual damages Bishay and his enterprise suffered, Bishay was unwilling to sign a general release, in addition to the full repayment – and told Citizens that he only owed the money and not a release. By demanding this release, in addition to full repayment, Citizens violated its own loan agreement with Bishay by holding hostage Bishay's $20.0 million in collateral in an attempt to extort a release, to which it was not entitled.

13. Due to the real threat of auctioning off Bishay's assets, including his then Boston headquarters, which was worth more than $10.0 million, Bishay was forced to seek Chapter 11 protection. Naturally, this forced filing was not due to insolvency, but rather, it was to stave off Citizens' unwarranted aggressions, and at the same time it was intended to compel Citizens to accept 100% of the loan balance without forcing Bishay to sign a general release, to which Citizens was not contractually entitled.

4

14. As a prerequisite to authorizing Bishay to carryout his new authority to prosecute his Claims against Citizens, and to empower him to hire outside counsel to prosecute his Claims in the state court, as agreed to by Citizens and authorized by the Bankruptcy Court, Bishay was required to either put up $500,000 (Five Hundred Thousand Dollars) in cash, or allow Citizens to retain a lien on certain real estate during the prosecution of the Claims in the state court. Bishay opted to put up the $500,000 in an escrow account, and delivered to Citizens a bona fide Letter of Credit (hereinafter the "L/C"), which authorized Citizens to draw against only if Bishay prosecuted what Citizens described in its Second Amended Disclosure Statement dated March 5, 1996, as Bishay's $100 million Claim. During the Plan Confirmation Hearing held by the Bankruptcy Court on April 23, 1996, Citizens' Attorney, William Baldiga, further described Bishay Claims as "*One Hundred Million, Wide-Ranging Claims.*" Accordingly, and as further confirmed in the subject Contract dated April 23, 1996, Bishay was entitled to freely prosecute his Claims after he placed $500,000 in escrow, and that if after he prosecuted the subject Claims he lost, Bishay was required to then reimburse Citizens for its out pocket costs in defending the subject Claims after the trial (an opportunity Bishay never had in any court, hence the "breach").

15. The April 23, 1996 Contract entitled Bishay to prosecute his Claims, so long as Bishay placed $500,000 in escrow. Citizens, on the other hand, and despite Bishay's compliance with his end of the bargain, deprived Bishay from the fruits of his bargain, as it led the state court to believe that Bishay's Claims were (a) extinguished in the Bankruptcy Court; (b) Bishay allegedly released said Claims in the Bankruptcy Court; and (c) Citizens was entitled to summary judgment, by disingenuously invoking the doctrine of res judicata, as if Bishay's Claims had already been tried and lost, which Citizens knew never happened.

16. Citizens knew that: (a) Bishay never released the subject Claims at any time; (b)

5

Bishay never tried his Claims in any court, on the merits; (c) the Bankruptcy Court and its Trustee rejected Citizens' repeated attempts to extinguish Bishay's Claims; and (d) Bishay indeed met his end of the bargain by placing the $500,000 in escrow, which Citizens and Bishay agreed was the only prerequisite to allow Bishay to freely prosecute his Claims without limitations. [*See* foot note-1 herein for the full meaning of Bishay's right to "*prosecute*"]

17.     By entering into this Contract, Citizens bound itself by its terms and conditions, which authorized Bishay to prosecute his Claims, without further conditions or limitations, once he deposited $500,000 in escrow. The April 23, 1996 Contract specifically identified: (1) the Plaintiff as Bishay's Estate, and on July 31, 1996, and in connection with the April 23, 1996 Confirmed Plan/Contract, the Bankruptcy Court named Bishay, individually, as the authorized representative of his Estate in connection with the prosecution of the subject Claims; (2) Citizens, as the Defendant; and (3) the Claims, as those *arising from the transaction[s]* between Bishay and Citizens.

18.     In 1999 Citizens withdrew $361,000 from the L/C, and without any regard to its obligations as defined in the Contract, which specifically guaranteed Bishay the right to freely prosecute the Claims, against which Bishay agreed to set aside the additional $500,000, hence the subject *breach*. Bishay now contends that because Citizens made a conscious decision to draw against the L/C in 1999, and before it allowed Bishay to enjoy the fruits derived from his end of the bargain, Citizens opened the door for Bishay to now assert this new breach of contract action. True and accurate copy of Citizens' demand made on the escrow agent to withdraw the first $361,000, is attached hereto as **Exhibit A**.

## COUNT I
(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

6

19. Plaintiff Bishay repeats and realleges paragraphs 1-18 of this Verified Complaint as if incorporated in full herein.

20. Citizens, by its own acts and omissions and those of its agents attorneys, employees, officers and assigns as described herein, breached the implied covenant of good faith and fair dealing owed to the Plaintiff. Specifically, Citizens':

(A) failure to notify and warn Bishay that Citizens had no intentions to allow Bishay to prosecute his Claims, for which he placed $500,000 in escrow, against which Citizens drew about $420,000 before Bishay ever prosecuted his Claims on the merits;

(B) failure to notify and warn Bishay that it would not act in good faith in its dealings with him; and

(C) failing to notify and warn Bishay that it would not act in good faith in its dealings with the Court.

WHEREFORE Bishay prays for judgment for all damages as will be proved at trial, together with interest and costs and reasonable attorney's fees.

## COUNT II
(BREACH OF CONTRACT)

21. Bishay repeats and realleges paragraphs 1-20 of this Verified Compliant as if incorporated in full herein.

22. Citizens was required by its Contract with Bishay to allow him to prosecute his Claims long ago, and instead, it managed to drain his resources on unrelated, and totally erroneous legal theories.

23. Citizens breached the aforesaid Contract by failing to allow Bishay to prosecute his Claims.

24. Bishay has been damaged by Citizens' breach of contract.

WHEREFORE Bishay prays for judgment for all damages as will be proved at trial, together with interest and costs and reasonable attorney's fees.

## COUNT III
### (FRAUD/DECEIT/MISREPRESENTATION)

25. Plaintiff repeats and realleges paragraphs 1-24 of this Verified Compliant as if incorporated in full herein.

26. Plaintiff has suffered damages of more than $100.0 million, as a result of Citizens' fraud and misrepresentations as set forth above.

27. Citizens engaged in fraud by, among other things, concealing from the state court its Disclosure Statement, which recognized Bishay's $100 million Claims as an Estate Asset, and was the detailed backup to the April 23, 1996 Contract.

28. Citizen's failure to perform the terms of the parties' agreement as approved by the Bankruptcy Court, despite assurances that it would do so, constitutes fraud, deceit, and false representations.

WHEREFORE Bishay prays for judgment for all damages as will be proved at trial, together with interest and costs and reasonable attorney's fees.

## COUNT IV
### (BREACH OF FIDUCIARY DUTIES)

29. Bishay repeats and realleges paragraphs 1-28 of this Verified Complaint as if incorporated in full herein.

30. As a result of the Contract between Citizens and Bishay, as well as Bishay's reliance on Citizens to allow him to freely prosecute his Claims against Citizens, Citizens owed a fiduciary duty _not to_ draw against the $500,000 set in escrow before Bishay had his day in court

to prosecute his Claims on the merits.

31. By accepting the fiduciary responsibilities contained within the Contract, Citizens bound itself <u>not to</u> draw against the $500,000 before Bishay had his day in court in connection with the prosecution of his Claims on the merits.

32. Citizens breached the aforesaid fiduciary duties by grabbing Bishay's money before Bishay had his day in court to prosecute his Claims on the merits.

33. Bishay has been damaged by Citizens' breach of fiduciary duties.

WHEREFORE Bishay prays for judgment for all damages as will be proved at trial, together with interest and costs and reasonable attorney's fees.

## COUNT V
(UNJUST ENRICHMENT)

34. Bishay repeats and realleges paragraphs 1-33 of this Verified Complaint as if incorporated in full herein.

35. Citizens is compelled to restore the $500,000 escrow funds until such time Bishay prosecutes his Claims on the merits.

36. The taking, receipt and acceptance of the funds now due and owing to the Plaintiff, is an unjust enrichment to Citizens.

WHEREFORE Bishay demands judgment against Citizens, together with costs and interest as allowed by law.

## COUNT IV
(G.L. c. 93A VIOLATION BY DEFENDANTS)

37. Bishay repeats and realleges paragraphs 1-36 of this Verified Complaint as if incorporated in full herein.

38. Bishay says that Citizens is guilty of an unfair and deceptive business practices, in

that it wrongfully, and willfully, took funds of the Plaintiff without lawful justification, all in violation of G.L. c. 93A.

39. Bishay says that he is a victim of unfair and deceptive business practices by Citizens, all of which are prohibited by Mass. G. L. Chapter 93A (2) and (11).

40. The unfair and deceptive acts referred to hereinabove were intentional and willfully done, all in violation of Mass. G.L. Chapter 93A, section 2, 9, and 11.

WHEREFORE, the Plaintiff prays that the Court:

**a.** Declare the Confirmed Plan, authored by Citizens, a binding "***contract***";

**b.** Direct Citizens to restore the $500,000 escrow funds;

**c.** Treble the fruits of this Contract, and specifically those fruits described in Paragraphs 1 & 2 in this Verified Complaint, together with interest, costs and attorney's or pro se fees, as the case may be, and as allowed by law; and

**d.** Order such other and further relief as the Court deems just and proper.

BAHIG F. BISHAY,
Pro se

Dated this 9th day of March, 2005

Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

## VERIFICATION

I, Bahig F. Bishay, hereby depose and say that I am Plaintiff in this law suit, and have reviewed the foregoing Complaint, and that the averments set forth are true to the best of knowledge, information and belief.

Signed under the pains and penalties of perjury this 9th day of March, 2005.

_____
Bahig F. Bishay


**BROWN RUDNICK FREED & GESMER**

WILLIAM R. BALDIGA
Direct Dial: (617) 856-8594
E-mail: wbaldiga@brfg.com

April 15, 1999

**FEDERAL EXPRESS**

First Union National Bank
200 South Biscayne Blvd., 12th Fl.
Miami, FL 33131

Attn: Letter of Credit Department

Re: **Partial Draw under Standby Letter of Credit No. SB-98 01-06-001 ("Letter of Credit") Issued by Ocean Bank and Confirmed by First Union National Bank for account of Bahig Bishay in favor of Citizens Bank of Massachusetts ("Beneficiary"); Your Reference No. X549226**

Ladies and Gentlemen:

We represent Beneficiary with respect to its draw under the Letter of Credit in the amount of $360,427.99. **This is a partial draw, and the Letter of Credit shall remain in effect.** Beneficiary's Sight Draft No. 1 and Sworn Statement are enclosed.

Please remit payment by federal funds wire transfer as follows:

Citizens Bank
Providence, RI

ABA #011500120
For credit to account #1101011847
Please notify Xiomara Cabrera upon receipt at (401) 456-7613.

Alternatively, you may remit payment by your bank check delivered to my attention.

A Partnership of
Professional Corporations

ONE FINANCIAL CENTER
BOSTON, MASSACHUSETTS 02111
617-856-8200
FAX: 617-856-8201

Hartford / Providence

First Union National Bank
April 15, 1999
Page 2

    Please call if you have any questions or if we should not expect immediate remittance for any reason. Thank you.

                Very truly yours,

                BROWN, RUDNICK, FREED & GESMER, P.C.

                By: *[signature]*
                    William R. Baldiga

WRB/ljb
Enclosures

#504461 v1 - HEVP011.DOC

## SWORN STATEMENT

I, Richard M. Barry, state under oath as follows:

1. I am a Vice President of Citizens Bank of Massachusetts.

2. "A court of competent jurisdiction has determined that Citizens Bank of Massachusetts ("Citizens") has the right to recover costs or expenses (including, without limitation, attorney's fees or expenses) incurred in connection with claims of Bishay and 1095 Commonwealth Avenue Corporation ("CAC") against Citizens arising from transactions between Bishay, CAC and Citizens (such claims presently or formerly pending in Norfolk Superior Court, Commonwealth of Massachusetts, C.A. No. 95-1312-A) in an amount equal to or greater than the amount of this drawing."

So sworn this 13 day of April, 1999.

_____
Richard M. Barry
Vice President

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

Then personally came before me on April 13, 1999 said Richard M. Barry, to me known, and confirmed the foregoing to be true and accurate to the best of his knowledge and belief.

_____
Notary Public
My commission expires: 7-23-2004

#804678 v1 - HBW6011.DOC

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BAHIG F. BISHAY

## DEFENDANTS
CITIZENS BANK OF MASSACHUSETTS

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: BREACH OF AGREEMENT/CONTRACT

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100 M

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____     DOCKET NUMBER _____

DATE 3/10/05

SIGNATURE OF ATTORNEY OF RECORD PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) **BAHIG BISHAY v. Citizens Bank of Mass.**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   FILED
   CLERKS OFFICE
   2005 MAR 10 P 1:22
   U.S. DISTRICT COURT
   DISTRICT OF MASS

   — I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

   ✓ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   — IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   — V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES    (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)    NO    Norfolk & Suffolk.

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

Plaintiff

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **BAHIG F. BISHAY**
ADDRESS  **163 Blue Hill Dr., Westwood, MA 02090**
TELEPHONE NO.  **781.326.3310**

(Cover sheet local.wpd - 11/27/00)