UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BAHIG F. BISHAY,
Plaintiff
v.

CITIZENS BANK OF MASSACHUSETTS,
Defendant

Civil Action
No. 05-10451-RGS

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### INTRODUCTION

The thrust of Defendant Citizens Bank of Massachusetts' (hereafter "Citizens") argument is that Plaintiff Bahig Bishay (hereafter "Bishay") should somehow be precluded from asserting his new "breach of contract" claim -- knowing that Bishay never before March 9, 2005, asserted this claim against Citizens, as evident by Citizens' failure to point this Court's attention to a single exhibit within its Motion to Dismiss, which could support this latest position. None of the decisions Citizens attached to its Motion to Dismiss contain a single statement which this Court could reasonably rely upon in dismissing Bishay's new breach of contract claim. In its latest position, Citizens appears to complain that Bishay filed this new action pro se. What Citizens failed to recognize is that it was Citizens that wiped out Bishay's fortune, including the subject $500,000 cash escrow – leaving Bishay with no choice but to seek justice, pro se, as result of his inability to fund the final phase of this 10-year ordeal.

In an attempt to foreclose Bishay's legal rights here, Citizens now claims that this Court lacks jurisdiction purportedly because there is neither federal question nor diversity. What Citizens does not seem to be willing to accept is that this Court indeed possesses the required

jurisdiction, because this new breach of contract claim stemmed from the Plan of Reorganization, which was confirmed by the Unites States Bankruptcy Court. And it is well settled that a confirmed plan of reorganization is a "contract", *see Charter Assets v. Victory Markets* – United States Bankruptcy Appellate Panel (the "BAP") For the Second Circuit 221 B.R. 298; 1998 Bankr. In its decision, the BAP confirmed that a ***"confirmed plan of reorganization is a contract between the debtor and its creditors"*** -- and this Court has the required jurisdiction to interpret and uphold the terms of the subject contract.

Then Citizens purports that this new action is somehow barred by the passage of time, which Citizens, on the other hand, concedes is indeed <u>six years</u>. As clearly confirmed in Exhibit A, which was attached to Bishay's Verified Complaint, as well as the argument below, Bishay contends that the threshold which defines when said breach occurred is the date Citizens first drew against the $500,000 escrow account, which was April 15, 1999 -- and therefore less than the six years allowed as a matter of law.

Citizens further contends that Bishay somehow received the benefit of his bargain when Citizen convinced the state court to dismiss Bishay's claims on summary judgment. What Citizens fails to recognize is that dismissing Bishay's claims on summary judgment, and specifically after Citizens convinced the state court that Bishay's claims were somehow settled in the Bankruptcy Court when, in fact, <u>they were not</u>, is precisely the issue before this Court, hence the new action, which Bishay never brought before any court to date. Citizens' statement in its Motion to Dismiss, which is that Bishay's claim were dismissed "on the merits" is simply false – as it was Citizens that convinced the state court to apply the doctrine of res judicata, which can only and legitimately be applied to a case where a final ruling was made relating to the subject matter, which Citizens knew was not the case here as the Bankruptcy Court neither settled

2

Bishay's claim nor decided same. In fact, the Bankruptcy Court did just the opposite; it directed Bishay to place $500,000 in escrow, at the insistence of Citizens, as the only condition (prerequisite) for gaining the right to fully prosecute his claims against Citizens. Attached hereto, as **Exhibit B,** is a true copy of the pertinent excerpts of the Confirmed Chapter 11 Plan (the "Contract").

Prior Litigation

Contrary to Citizens' latest defense, none of the decisions presented by Citizens contained a reference to this new and separate *breach of contract* claim.

Bishay contends that the breach occurred when Citizen drew against the $500,000 escrow account on April 15, 1999, and is why Bishay submits that his new breach of contract action was filed within the six years allowed by law. Citizens now concedes that it drew against the $500,000 escrow account in May, 1999. In either case Bishay believes he is well inside the statute of limitation guidelines.

Current Allegations

As discussed above, Bishay remains convinced that a confirmed chapter 11 plan is a contract, and because Citizens advanced a res judicata argument and temporarily foreclosed Bishay's contractual right to freely "prosecute" his claims, knowing that the sole purpose of putting up the $500,000 was to gain such unfettered right to freely prosecute said claim, Citizens cannot now escape its obligations and the consequences of its wrongful actions – as it fails to cite a different reason for asking Bishay to place in escrow his $500,000.

**LEGAL ARGUMENT**

Based on Bishay's limited ability to address such legal issues; inability created after Citizens managed to wipe him out, financially, by introducing one hyper-technical defense after

3

another in the span of nearly 10-years (the deep pocket theory, and not the merits), Bishay submits that Citizens' defenses herein must fail for variety of legal and equitable reasons. First, this Court indeed possesses the required jurisdiction to grant the relief sought. Second, what Citizens seems to refuse to accept is that this new action has never been presented to any court before, and is ripe now for this Court to review and grant the relief sought. And as more detailed below, Citizens' attempt to introduce the doctrine of res judicata is simply inappropriate because Citizens failed to point to a single pleading previously filed by Bishay, which includes a reference to the subject *breach of contract* claim. Third, as Citizens conceded, a breach of contract claim can be filed within <u>six years</u> from the date of the alleged breach, which Bishay submits was April 15, 1999, and Citizen now concedes was May, 1999 – and in either case Bishay filed his new breach of contract action on March 9, 2005. Fourth, this Court can indeed grant the relief sought in the subject Verified Complaint by finding that Bishay fulfilled his end of the bargain when he placed $500,000 in escrow – Citizens, on the other hand, took Bishay's money and foreclosed his right to prosecute the subject claims. Therefore, Bishay is entitled to the fruits of the "contract", which is his right to "prosecute" his claims and the restoration of the $500,000 escrow account in the interim.

### *CITIZENS' STATUTE OF LIMITATION DEFENSE*

It is well settled that Statute of Limitation for Breach of Contract Begins Upon Discovery of Breach. *Architects Construction Management, Inc. v. Khorram*, 111 Wash. App. 725, 45 P .3d 1142 (Div. 1, May 2002). As a matter of law, Mass. Gen. Laws, ch. 260 § 2; see also City of New Bedford v. Lloyd Investment Assoc., Inc., 292 N.E. 2d 688, 688 (Mass. 1973) – Bishay is not barred from asserting his new breach of contract claim, as Citizens will have this Court believe. In the case at bar, Citizens conceded that it drew against the $500,000 escrow account in

4

May, 1999, thus the Statute of Limitation argument is disingenuous, at best.

### *CITIZENS RES JUDICATA DEFENSE*

This argument appears to be Citizens' classic red-herring theory, but it must now fail for the following legitimate reasons:

**I.** Massachusetts Supreme Judicial Court Decision in re: *GERALD P. BAGLEY & another v. MICHAEL R. MOXLEY as trustee of the Cliffmont Trust No. 5150 Supreme Judicial Court, Suffolk* – January 8, 1990 June 13, 1990. In this case, the SJC listed the following distinctions to describe the criterion upon which the Court recognized the intent of the *res judicata* doctrine:

First, the court cautioned against "*piecemeal*" litigation by precluding litigants from introducing selected causes of action along the way, and until one sticks, as the court analogized this type of activity as changing fishing bait until one lures the same fish and at the same pond. However, in the case at bar, Bishay did not engage in piecemealing because the subject breach did not exist in 1995 when Bishay asserted his original causes of action.

Second, the court cautioned litigants against introducing new causes of action that existed at the time the original actions were filed, or those additional actions that could have been brought at the time the original actions were filed. When Moxley filed its original action in 1997, Moxley knew it could have advanced its "*adverse possession*" claim, which it later revealed it had since 1957 (forty years earlier), but elected to first test the law by attacking the "*zoning variance*", and if that did not stick, it thought, (incorrectly), it could always go back and start all over again by initiating an *adverse possession* action. Bishay, on the other hand, <u>could not</u> have alleged a *breach of contract* claim in 1995 & 1996, because such breach occurred in 1999 (four years later). In fact, the breach actually occurred when Citizens decided to draw

5

against the $500,000 Letter of Credit, which was established, specifically, as Bishay's end of the bargain – clearly consistent with the terms and conditions of the April 23, 1996 agreement.

Third, Bishay could not have possibly anticipated (in vacuum) that four years from filing his original action in 1995 Citizens was going to draw against a $500,000 Letter of Credit, which did not exist in 1995. Bishay had no reason or the required legal standing to bring a *breach or contract* action until one occurred and was discovered in 1999.

Fourth, in 1999, Citizens decided to take Bishay's money before it allowed Bishay to enjoy the benefits of his bargain, and drew the first $361,000, drew another $70,000 in 2002, and was looking for another $100,000 in 2003 – for a grand total of $530,000 – all without allowing Bishay his day in any court to prosecute his claims on the merits as agreed-to by the parties and approved by the United States Bankruptcy Court – hence the breach. Thus, by advancing a res judicata argument with the state court, purporting that Bishay had already settled his claims in the Bankruptcy Court, when Citizens knew that he had not, Citizens now opened the door for Bishay to assert his new breach of contract claim, as it made a conscious decision to draw against the $500,000 Letter of Credit, after it foreclosed Bishay's right to prosecute his claims on the merit, and extinguished his claims by erroneously asserting a res judicata argument once Bishay began to prosecute said claim in 1996. Citizens knew it was doing so in violation of the specific terms and conditions of the subject contract.

Fifth, Citizens now appears to be hiding behind the state court in justifying its breach, and is also attempting to justify the taking of Bishay's money before he was allowed to fully prosecute his claims, purportedly because it followed an order of a court. The problem with Citizens' defense here is that, Massachusetts Law is very clear insofar as the parties' good faith and fair dealing obligations, *See* Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 473,

6

583 N.E.2d 806 (1991); Cadle Co. v. Vargas, 55 Mass.App.Ct. 361, 366, 771 N.E.2d 179 (2002); Restatement (Second) of Contracts § 205 (1979). This duty "translates into an 'implied term' or condition of the contractual arrangement. Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. " (Citations omitted.) Cadle Co., supra at 366, 771 N.E.2d 179. Good faith and fair dealing is the understanding between the parties "***that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract***" (citations omitted). Anthony's Pier Four, Inc., supra at 471-472, 583 N.E.2d 806. That separates a court order in one proceeding from the actions of the parties in another proceeding and/or the parties' respective contractual obligations. In the case at bar, Citizens knew its obligations to Bishay and the conditions upon which it was entitled to draw against the $500,000 Letter of Credit. Citizens willingly accepted these conditions in 1996. With that in mind, Citizens made a conscious decision to draw the first $361,000 in 1999, $70,000 in 2002, and launched its final attempt to collect another $100,000 in 2003 – all without meeting the conditions upon which the money was placed in escrow – and there can be no question that Bishay never received the ***fruits of the contract***.

Sixth, Citizens should not now be allowed to hide behind a court's award of fees in one proceeding – as Citizens could have refrained from (a) seeking such fees, in the first place; and/or (b) drawing against the $500,000 Line of Credit, if it did not want to open the door for Bishay to now assert his "breach of contract" claim.

**II.** Massachusetts Supreme Judicial Court Decision in re: *CARLA HEACOCK v. GREGG HEACOCK, No N-4623, Supreme Judicial Court, Norfolk* – February 2, 1988 March 22, 1988.

7

First, in this case, the SJC makes specific distinction between the "divorce" action and the "tort" action. Not unlike Bishay's "reservation" claim originally brought, and his current "breach of contract" action, which did not exist at the time the reservation claim was brought in 1996 – as the breach of contract was not discovered until 1999 when it first occurred and continued through 2002.

Second, not unlike Citizens and Bishay – the bankruptcy proceedings between Bishay and Citizens were not much different from the divorce proceedings between Carla and Gregg Heacock – as such proceedings dealt with the distribution of assets and money in both cases, whereas, in the tort action of Carla Heacock, and Bishay's breach of contract action herein, the plaintiffs seek to recover other damages stemming from different actions on the part of the defendants – Gregg Heacock in the cited case, and Citizens Bank in the Bishay case.

Third, in the Bishay case, the facts are even clearer than those in the Heacock case, because in the Heacock case, the tort action had been brought prior to the divorce action, whereas, in the Bishay case, the *breach of contract* action did not even exist in 1995/96, and it was not until 1999 that Bishay discovered the breach, and after Citizens drew the first $361,000. Therefore, Bishay could not possibly be perceived to have been a "piecemeal" litigant.

**III.** Eleventh Circuit Court of Appeals' Decision in re: SANDRA L. PLEMING v. UNIVERSAL-RUNDLE CORPORATION, No. 97-8170, United States Court of Appeals, Eleventh Circuit. June 8, 1998.

First, the Court here makes it abundantly clear that *"the doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleading with an after-acquired claim. Id. at 1360. We explained that the parties frame the scope of litigation at the time the complaint is filed and that a judgment is only conclusive regarding the matters that the parties*

8

*might have litigated at that time but not regarding 'new rights acquired, pending the action which might have been, but which were not required to be litigated....'"* The Court went on to say: *"We do not believe that the res judicata preclusion of claims that 'could have been brought' in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation. Instead, we believe that, for res judicata purposes, claims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims <u>actually</u> asserted by supplemental pleadings <u>or otherwise</u> in the earlier action.*

Second, when viewed with Bishay in mind, that court opined that: *"The parties in this case agree that the events giving rise to <u>Pleming II</u> arose well after Pleming filed and amended her complaint in the first lawsuit.* And in the case at bar, Bishay contends that the events giving rise to his new breach of contract cause of action arose in 1999, and after Bishay filed his complaint in the first lawsuit in 1995, which Bishay later amended in 1996, but well before Citizens triggered the breach by grabbing the first $361,000 in 1999.

Third, in this citation *Pleming admits that her briefs <u>did</u> refer to these incidents to provide evidence that Universal-Rundle's explanation for hiring someone else in July 1993 was pretextual. The question of whether res judicata bars Pleming's claims, therefore, turns on whether the discussion of related but distinct cause of action in briefs amounts to the <u>actual assertion</u> of that claim in the first proceeding.* Bishay, on the other hand, contends that the mere fact of mentioning the $500,000 for the purposes of supporting the original "reservation" claim, does not in any way preclude Bishay now from asserting a breach of contract claim, which was triggered in 1999 and involved the same $500,000. The court in the Pleming case said: *" We addressed a similar question in Coon v. Georgia Pacific Corp., 829 F.2d 1563 (11th Cir. 1987), and held that a district court had <u>not</u> abused its discretion by refusing to consider a plaintiff's*

9

*unpled claims even though the plaintiff had included the claims in her briefs and discovery requests."*

Fourth, the Court in the Pleming case also said: *"As a result, we find that the district court erred when it decided that res judicata barred Pleming's claims of discrimination arising out of the October 1994 incidents……. Much like we held in Wu, this tangential reference to the events of October 1994 was insufficient basis for district court's conclusion that the parties had actually litigated the issue."* If anything, Bishay's posture is much clearer and on point, which is that there was no breach of contract to be asserted in 1995, but there was one in 1999, and there is one now to be asserted, less than six years later.

Based on the case-law cited above, and the factual issues presented in the case at bar, Citizens res judicata defense must now fail.

### *CITIZENS SUBJECT MATTER JURISDICTION DEFENSE*

While Bishay is confident that this Court is aware of the many disputes that rise from bankruptcy court proceedings inevitably end up in this Court, and Bishay needs not cite these cases, Bishay, however, cites two cases which are among multitudes of cases of which this Court is aware: *Douglas A. Kinan v William S. Cohen, Secretary of Defense, et al*, No. 00-1963, United States Appeals, First Circuit; and *Bandera v City of Quincy,* No. 02-2307, United States Appeals, First Circuit – in both cases it was determined that this Court possessed the required jurisdiction -- and, indeed now has the required authority to grant the relief sought herein in the form of (a) allowing Bishay to prosecute his breach of contract claim against Citizens; and (b) to order Citizens to restore the $500,000 escrow account until such time Bishay prosecutes his claims, and in the unlikely event, and after he freely prosecutes his claims and looses, then Citizens would be entitled to submit its costs to the appropriate court at that time for approval and drawl

against the $500,000 restored escrow account. Bishay, however, expects he will prevail in the case in chief, on the merits, at which time Citizens will pay what it will rightfully owe Bishay in due course.

### *CITIZENS' FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED DEFENSE*

Citizens refuses to concede that the sole purpose of placing $500,000 in escrow was to allow Bishay to fully prosecute his claims against Citizens, as specifically agreed to by Citizens when it drafted the subject contract and stated: ***The Debtors' estate may retain and, by its duly authorized representative(s) settle, release or prosecute, their alleged claims against Citizens arising from the transactions between the Debtors and Citizens and related matters (the "alleged Claims").*** This was the agreement against which Bishay deposited in escrow $500,000 (see Exhibit B). Moreover, to further define Bishay as the "Authorized Estate Representative" and with no opposition filed by Citizens, the United States Bankruptcy Court indeed authorized Bishay to proceed with the prosecution of the subject claims. See **Exhibit C** attached hereto. It defies commonsense to now hear Citizens argue that it did not guarantee Bishay an opportunity to fully prosecute his claims. As Bishay stated in his Verified Claim, Webster's New World Dictionary defines the meaning of the term "PROSECUTE" as follows: "1 to follow up or pursue (something) to a conclusion *[to prosecute a war with vigor]*; 2 to carry on; engage in; 3 a) to institute legal proceedings against, or conduct criminal proceedings in court against b) to try to get, enforce, etc. by legal process *[to prosecute a claim]* – vi. 1 to institute and carry on a legal suit 2 to act as persecutor".

11

## CONCLUSION

WHEREFORE, for all the reasons listed above, Citizens' Motion to Dismiss must be denied.

Respectfully submitted

BAHIG F. BISHAY,
Pro se

Dated this 22nd day of April, 2005

*/s/ Bahig F. Bishay*
Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

## CERTIFICATE OF SERVICE

I, Bahig F. Bishay, hereby certify that on this 22nd day of April, 2005, I served a true copy of the within Memorandum in Support of Opposition Motion filed by me, via First Class Mail to Attorney Jennifer M. Ryan of Brown Rudnick Berlack Israel LLP, at One Financial Center, Boston, MA 02111.

*/s/ Bahig F. Bishay*
Bahig F. Bishay

# EXHIBIT B.

*filed in open court 4/18/96*

**DOCKETED**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

*Copy—Original in 95-15015*

| | |
|---|---|
| IN RE:<br><br>1095 COMMONWEALTH AVENUE, CORP.,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 95-15015-CJK |
| IN RE:<br><br>BAHIG F. BISHAY,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 95-16331-CJK |

### SECOND MODIFICATION TO CHAPTER 11 PLAN PROPOSED BY CITIZENS BANK OF MASSACHUSETTS

Citizens Bank of Massachusetts ("Citizens"), proponent of the Chapter 11 Plan filed in these cases on January 10, 1996, and as modified by the First Modification to Chapter 11 Plan Proposed by Citizens Bank of Massachusetts filed on April 18, 1996, (together, the "Plan") hereby further modifies the Plan in accordance with Bankruptcy Rule 3019 and Bankruptcy Code Section 1127(a), as described below.

The modifications to the Plan are as follows:

    1.    Section 1.7 of the Plan is deleted in its entirety and replaced by the following:

1.7 <u>Consummation Agent</u> means David J. Ferrari or such other person appointed to serve as Consummation Agent under the Plan in accordance with Section 6.1 hereof.

    2.    Section 1.14 of the Plan is deleted in its entirety and replaced by the following:

1.14 <u>Trustee</u> means David J. Ferrari, the Chapter 11 Trustee appointed in the Bishay Case, who shall continue to act as Chapter 11 Trustee until the Effective Date upon which date he shall commence acting as Consummation Agent.

    3.    Section 1.15 of the Plan is deleted in its entirety and replaced by the following:

(156)

unpaid late fees, unpaid default interest, as well as unpaid attorneys' fees and other unpaid costs of collection whether occurring pre- or post-petition. The Debtors' estates may retain and, by its duly authorized representative(s) <u>settle, release or prosecute</u>, their alleged claims against Citizens arising from the transactions between the Debtors and Citizens <u>and related matters</u> (the "Alleged Claims"). However, the Alleged Claims, until and unless reduced by Final Order to a judgment against Citizens, shall not reduce, delay or otherwise interfere with the timely and full satisfaction of Citizens' Class One Claim in accordance with this Plan. In addition, <u>until Citizens actually receives</u> (in form and substance reasonably acceptable to it) a release from (and evidence of dismissal with prejudice of) all Alleged Claims, <u>Citizens shall retain its lien on all Estate Assets</u> not disposed of in accordance with this Plan as security for Citizens' contractual right to reimbursement from the Debtors for Citizens' costs and anticipated costs of defending the Alleged Claim; <u>provided, however</u>, (a) that the Debtors may obtain the discharge of such liens within thirty (30) days after the date on which the Class One Claim has been paid in full (but in no event later than ~~November 30, 1996~~, by delivering to Citizens (i) an <u>irrevocable letter of credit</u> (in form and substance reasonably acceptable by Citizens) issued for the benefit of Citizens by a reputable domestic commercial bank in the amount of $500,000 subject to being drawn by Citizens by presentation of a sworn statement that a court of competent jurisdiction has determined that Citizens has the right to recover costs or expenses (including, without limitation, attorneys' fees or expenses) incurred in connection with defense of the Alleged Claims in an amount equal to or greater than the amount of such draw, or (ii) <u>a bond</u> (in form and substance reasonably acceptable to Citizens) issued for the benefit of Citizens by a reputable domestic bonding or insurance company securing such possible right of recovery up to a sum of not less than $500,000; and (b) the Consummation Agent shall be entitled (if necessary to generate funds to consummate this Plan), after the full payment of the Class One Claim and any Plan Funding Loan, but before dismissal and release of the Alleged Claims, to obtain discharges of Citizens liens on any or all Estate Assets except for the single family residence at 4 Yew Drive, Norwood, Massachusetts. At any time, the Debtor or the Consummation Agent may settle the Alleged Claims, subject to Court approval after notice to the Debtors and other parties in interest.

1/31/97

At any time, the <u>Consummation Agent or the Debtor</u>, as appropriate hereunder, <u>may refinance any property subject to Citizens' retained liens</u>, as such retained liens may exist at the time of refinancing, on reasonable, arms' length, good faith terms with independent third parties, free and clear of such liens, provided that the proceeds of such refinancing are distributed in accordance with Section 7.3 of the Plan. If at the time of such refinancing the Class One Claim and any Plan Funding Loan have been paid in full but there has been no release and dismissal of the Alleged Claims, then the proceeds of the refinancing which are payable to Citizens pursuant to Section 7.3(iii) of this Plan

- 3 -

# EXHIBIT C.

**DOCKETED**

AUG 07 1996

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

AUG - 2 1996

J & KING

In re:
)
1095 COMMONWEALTH AVENUE, CORP., )   Chapter 11
)   Case No. 95-15015-CJK
Debtor. )

In re:
)
BAHIG F. BISHAY, )   Chapter 11
)   Case No. 95-16331-CJK
Debtor. )

### JOINT MOTION OF DEBTORS AND CONSUMMATION AGENT TO APPOINT BISHAY AS ESTATE REPRESENTATIVE AND EMPLOY SPECIAL COUNSEL TO PURSUE CERTAIN STATE COURT LITIGATION

TO THE HONORABLE CAROL J. KENNER, CHIEF U.S. BANKRUPTCY JUDGE:

Bahig F. Bishay ("Bishay"), 1095 Commonwealth Avenue, Corp. ("CAC") (collectively, the "Debtors") and David J. Ferrari, the Consummation Agent in these proceedings (the "Consummation Agent") respectfully request this Court to enter an order appointing Bishay as the representative of both estates to pursue litigation pending in the Suffolk Superior Court commenced by Citizens Bank of Massachusetts ("Citizens"). The Movants also request this Court to authorize Bishay to employ Harold Brown and the firm of Brown & Stadfeld as his special counsel to represent him with regard to the Suffolk Court proceedings. In support thereof, the Movants state as follows:

#### Appointment of Bishay as Estate Representative

1. On or about June 8, 1995, prior to the commencement of either Debtors' bankruptcy proceedings, Citizens commenced an action in the Suffolk Superior Court, Civil Action Number 95-1312-A, captioned

7/31/96 *No opposition filed* · *Allowed*

