5/5/05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BAHIG F. BISHAY,

    Plaintiff,

    v.

CITIZENS BANK OF MASSACHUSETTS,

    Defendant.

CIVIL ACTION
NO. 05-10451-RGS

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

### INTRODUCTION

In its Opening Brief on this Motion to Dismiss, Citizens established that Mr. Bishay's most recent complaint is an improper collateral attack on state court decisions rendered years ago and which stem from his erroneous understanding of the law and his misapplication of the facts of this case. At the outset it is noted that Bishay apparently concedes that all of his claims other than Count II for breach of contract, must be dismissed. In other words, he does not address Citizens' arguments as to those claims. Therefore, Counts I, III, IV, V, and VI must be dismissed.[1] The balance of this brief will address Mr. Bishay's erroneous understanding of subject matter jurisdiction, res judicata, the statute of limitations and the underlying bankruptcy confirmation plan.

---

[1] The Complaint contains the following six counts: Count I (Breach of the Implied Covenant of Good Faith and Fair Dealing); Count II (Breach of Contract); Count III (Fraud/Deceit/Misrepresentation); Count IV (Breach of Fiduciary Duties); Count V (Unjust Enrichment); and Count VI (G.L. c. 93A Violation by Defendants).

## ARGUMENT

### A. The Court Lacks Subject Matter Jurisdiction

#### 1. Requiring a Letter of Credit Does not Create Federal Question Jurisdiction

Bishay's subject matter jurisdiction argument is predicated solely on the proposition that because Bishay was required under the confirmed plan of reorganization to post a letter of credit in order to prosecute his alleged claims against Citizens outside of the bankruptcy arena, federal jurisdiction must exist to hear his state law breach of contract claim. In other words, since a federal bankruptcy judge required him to post a letter of credit, jurisdiction must exist to hear a dispute concerning the alleged wrongful draw on that document. The problem with Bishay's visceral argument is that it does not appreciate that federal subject matter jurisdiction requires more than a mere connection with some aspect of federal law or procedure. Instead, jurisdiction only exists where resolution of a substantial federal question is necessary in the disposition of the claim itself.

A claim arises under the laws of the United States when the "complaint seeks a remedy expressly granted by a federal law or a distinctive policy of a federal statute requires the application of federal legal principles for its disposition." Lower Brule Construction Co. v. Sheesley's Plumbing & Heating Co., Inc., 682 F.Supp. 1039, 1040 (D. S. D. 1988). "It is not enough that the parties' dispute has some connection to federal laws or regulations; the outcome of the case must turn on the validity or construction of the federal law." Sebring Homes Corp. v. T.R. Arnold & Assoc., Inc., 927 F.Supp. 1098, 1103 (N.D. Ind. 1995). Moreover, mere federal regulation of a contract is insufficient to create a federal question under 28 U.S.C. § 1331. Lower Brule, 682 F.Supp. at 1041.

The complaint here raises claims for an alleged wrongful draw on a letter of credit

2

required to be posted by the Bankruptcy Court. The origin of the letter of credit notwithstanding, an action for a determination of rights under that letter of credit remains purely a matter of state contract law.

In analogous circumstances involving letters of credit required by the U.S. Department of Housing and Urban Development (HUD), federal courts have routinely found subject matter jurisdiction lacking. Id. at 1040. For example, in Lower Brule, the court held that despite the fact that HUD regulated a building project, HUD regulations required the contractor to post a letter of credit, and HUD's approval was required to modify or cancel the letter of credit, federal question jurisdiction did not exist. See generally id. The court reached this result because the suit under the LOC did not turn on any federal law or even the interpretation of the HUD regulation requiring the posting of the LOC. Id. Rather, the claims were simple contract claims and the right to draw on the LOC incidental thereto. Id. at 1041; see also Mid South Constructors v. Malone Mortgage Co. America, 1999 WL 504904 (N.D. Tex. 1999). The same is true here. The Bankruptcy Court may have required Bishay to post a letter of credit in order to "prosecute" his claims, but the propriety of the draw on the letter of credit poses only state contract claims and in no way turns on any federal law, regulation or policy.

 2. Once a Plan is Confirmed and Consummated, the Bankruptcy Court no Longer has Jurisdiction

Although Bishay does not raise it, it is also worth noting that Bishay could not now return to the Bankruptcy Court based on a theory of continuing jurisdiction of that court over issues related to the confirmed plan. There are two reasons for this. The first is that the plan was confirmed and consummated nearly nine years ago and it is now simply too late. The second is that Bishay in fact already tried going back to the bankruptcy court once on this issue and he lost.

Taking them in order, the continuing jurisdiction of the bankruptcy court over plan

3

related collateral issues is not infinite. As many courts have noted, bankruptcy court jurisdiction "must be confined within appropriate limits and does not extend indefinitely, particularly after the confirmation of a plan and the closing of a case." In Re Resorts International, Inc., 372 F.3d 154, 164 (3rd Cir. 2004) (internal quotes omitted) quoting Donaldson v. Bernstein, 104 F.3d 547, 553 (3d Cir. 1997); see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 21(1994) (a case must exist at all stages of appellate review for an appellate court to exercise jurisdiction). For example, once a bankruptcy case is closed, jurisdiction generally does not extend because "a post-confirmation dispute because the debtor's estate ceases to exist once confirmation has occurred," and thus the estate itself is not effected by the dispute. In re Resorts, 372 F.3d at 165.

Again, in a case closely analogous to this situation, the court in In Re Resorts, addressed the continuing jurisdiction of the bankruptcy court over a litigation trust. The court noted, "the Litigation Trust was created in part so the Plan could be confirmed and the debtor freed from bankruptcy court oversight without waiting for the resolution of the litigation claims." Id. at 169. The court further found that the deliberate act to separate the litigation claims from the rest of bankruptcy estate weakens the jurisdictional nexus to the bankruptcy court. Id. Similarly, when the bankruptcy court confirmed the plan in 1996, it contained a provision that Bishay's alleged claims could be litigated (subject to all defenses), outside the bankruptcy arena. Like the litigation trust in Resorts, Bishay's alleged claims were separated from his estate and thus any nexus to the estate for jurisdictional purposes attenuated. Therefore, nine years later, the bankruptcy court no longer has jurisdiction over claims arising from breach of the alleged "contract."

**B.    The Bankruptcy Court Already Reviewed the Confirmation Plan: Plaintiff Attempts to Again Collaterally Attack the Judgment of the Superior Court.**

4

Even if there was a nexus sufficient to sustain a finding of subject matter jurisdiction, Bishay has unsuccessfully tried that route once before. In the summer of 1998, following the second of the Superior Court's three summary judgment decisions, Bishay filed in the Bankruptcy Court, a Motion to Clarify and Amend the Reservation Clause in the April 23, 1996 Confirmed Plan of Reorganization, Nunc Pro Tunc, and to Declare that the Alleged Claims of the Debtor are Non-Core (the "Motion to Clarify and Amend"). Bishay filed the Motion to Clarify and Amend to, in his words, correct "the misunderstanding of the Norfolk Superior Court as to matters expressly reserved by the Bankruptcy Court for adjudication in the Norfolk Superior Court." In Re Bahig F. Bishay, BAP No. MB 98-051, *1 (1st Cir. 1999) (citing Appellant Bishay's Brief, p.9) (attached hereto as Exhibit A). The battle over the effect of the reservation clause in the confirmed plan was at the heart of the state court litigation and is the "improper" defense now asserted by Bishay to constitute the breach of contract. The Bankruptcy Appellate Panel ("BAP") refused to review the issues relating to plan interpretation or the scope of the reservation clause, holding that Bishay already had his chances with the state court and could not re-litigate his claims in bankruptcy court. Id. Thus, Bishay's complaint is not only a collateral attack on the State Court decisions, it is also a collateral attack on the BAP decision.

### C. The Breach of Contract Claim Fails to State a Basis for Relief

In his opposition, Bishay argues that "Citizens refuses to concede that the sole purpose of placing $500,000 in escrow was to allow Bishay to fully prosecute his claims against Citizens . . ." (Bishay Opp. at 11). He also argues that Citizens "guaranteed" Bishay his opportunity to fully try his case when it did not oppose Bishay's subsequent appointment as representative to prosecute the claims. Id. These arguments can be dealt with summarily.

First, nothing in the confirmed plan in any way stated or suggested that Citizens either

5

waived any defenses or was required to hold off asserting those defenses until an actual trial occurred. (See Opening Brief, Ex. H at bates no. page 30522). That is simply an "intent" that Bishay alone reads into the plan.

Second, this "intent" argument was previously raised by Bishay in the state court litigation and rejected time and again. One example is from the Appeals Court decision. In a lengthy footnote (i.e., fn 6), the Appeals court addressed a number of Bishay's arguments related to the reservation clause in the confirmed plan. After rejecting each and every one, the court concluded as follows:

> We similarly decline any invitation by Bishay to consider any reinterpretation by reading any "intent" into the reservation clause (see B.R. Br. 2-8).

(See Opening Brief, Ex. E at 4-5 & n.6).

Simply put, not only is there no merit to Bishay's underlying premise (i.e., that Citizens "agreed to" or "guaranteed" Bishay a trial on his claims) but this has all been done before. Thus, this newest complaint fails to state a claim while constituting an impermissible collateral attack on the state court decisions. Dismissal with prejudice is the appropriate remedy.

**D.   Assuming the Alleged "Contract" Exists, the Breach Would Have Occurred When Citizens Filed It Summary Judgment Motion**

Bishay attempts to escape the statute of limitations impediment by characterizing the draw date (May 1999) as the date his cause of action arose. (Bishay Opp. At 4-5). Bishay's selection of the May 1999 date is erroneous because the complaint makes it clear that the alleged wrong was the assertion of defenses by Citizens that resulted in summary judgment against Bishay. The draw itself was only incidental to the "wrongfully" asserted defenses. These defenses were first asserted in May 1997. Citizens refers the Court to its Opening Brief at 9-11 for citation to case law holding that a cause of action arises when the putative plaintiff first learns

6

that he may have suffered injury.

## CONCLUSION

For the reasons set forth herein and in Citizens' Opening Brief, it is clear that Bishay's latest complaint must be dismissed with prejudice. The more pressing question is what is the appropriate remedy to preclude Bishay from filing still more complaints based on the same issues that have been litigated time and again. Hundreds of thousands of dollars in fees have been awarded to Citizens and Bishay has paid much of them; yet still he persists. Citizens suggests that more sanctions are in order as well as injunctive relief that will once and for all bring an end to this decade-old litigation.

Respectfully submitted,

**CITIZENS BANK OF MASSACHUSETTS,**

By its attorneys,

/s/ Jennifer M. Ryan
James W. Stoll, Esq. (BBO # 544136)
Jennifer M. Ryan, Esq. (BBO #661598)
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA 02111
(617) 856-8200

Dated: May 4, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of May 2005, I served a true copy of the within Reply Brief by first class mail on the party listed below.

Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090

Dated: May 4, 2005

/s/ Jennifer M. Ryan
Jennifer M. Ryan

Case 1:05-cv-10451-RGS   Document 8   Filed 05/05/2005   Page 8 of 12

# U.S. Bankruptcy Court Opinions

IN RE 1095 COMMONWEALTH AVENUE CORP., (1st Cir. 1999)

IN RE: 1095 COMMONWEALTH AVENUE CORP. IN RE: BAHIG F. BISHAY 1095 COMMONWEALTH AVENUE CORP. AND BAHIG F. BISHAY, Appellants, v. CITIZENS BANK OF MASSACHUSETTS, Appellee.

BAP No. MB 98-051

United States Bankruptcy Appellate Panel, First Circuit

July 14, 1999

Appeal from the United States Bankruptcy Court for the District of Massachusetts [Hon. Carol J. Kenner, Bankruptcy Judge]

Harold Brown, L. Michael Hankes and Harold Brown & Associates, on brief for appellants.

James W. Stoll, Elise Busny and Brown, Rudnick, Freed & Gesmer, P.C., on brief for the appellee.

Before GOODMAN, DE JESUS, and CARLO, Bankruptcy Judges

Per Curiam.

## SUMMARY

In these consolidated cases, debtors Bahig Bishay and 1095 Commonwealth Avenue Corp., (collectively "Bishay"), appeal from the denial of their Motion to Clarify and Amend the Reservation Clause in the April 23, 1996 Confirmed Plan of Reorganization, Nunc Pro Tunc, and to Declare that the Alleged Claims of the Debtor are Non-Core, (the "Motion to Clarify and Amend"). The Motion to Clarify and Amend was filed years after confirmation and substantial consummation, and only after the state court entered an adverse ruling in litigation Bishay willingly spent two years pursuing in the state court. In Bishay's own words, the Motion to Clarify and Amend was filed with the bankruptcy court "for the purpose of correcting the misunderstanding of the Norfolk Superior Court as to the matters expressly reserved by the Bankruptcy Court for adjudication in the Norfolk Superior Court." Appellant's Brief, p. 9. The bankruptcy court refused to review the state court judgment, concluding that the "Debtors' remedy is in the state appellate courts." The determination to give full faith and credit to the state court judgment is a conclusion of law, reviewed de novo by this panel. Bruin Portfolio, LLC v. Leicht (In re Leicht), **222 B.R. 670**, 671 (B.A.P. 1st Cir. 1998).

## JURISDICTION

The Bankruptcy Appellate Panel has jurisdiction of the appeal pursuant to 11 U.S.C. § 158(b).

## FACTS

Citizens Bank of Massachusetts ("Citizens") filed a lawsuit against Bishay in June of 1995 in Norfolk County Superior Court (the "state court case"). In that action, Bishay filed a counterclaim. Thereafter, on July 25, 1995, Bahig Bishay, as sole shareholder of 1095 Commonwealth Avenue Corp., caused it to file a voluntary Chapter 11 petition and in September of 1995, Bahig Bishay filed his individual Chapter 11 petition. The two bankruptcy cases were consolidated. On April 23, 1996, a plan of reorganization was confirmed. Citizens's claim against Bishay was dealt with in the plan and a reservation clause addressed Bishay's right to proceed with his counterclaim in the state court case as follows:

> The debtors' estates may retain, and by its duly
> Sauthorized agent representative(s) settle, release or
> prosecute, their alleged claims against Citizens arising
> from the transactions between the Debtors and Citizens
> and related matters (the "Alleged Claims").

In November of 1996, Citizens's first motion for summary judgment was denied without prejudice, and Bishay was allowed to filed an amended counterclaim. Thereafter, Citizens filed a second motion to dismiss, seeking dismissal of all counts on the grounds that Bishay's claims were either barred by the doctrine of res judicata by the April 23, 1996 order confirming the plan and on the additional grounds that Bishay had previously released the very claims that were being asserted as counterclaims. Bishay opposed Citizens's motion for summary judgment, on the grounds that his claims were not barred by res judicata, the reservations clause was broad enough to cover his amended counterclaims, and the release did not preclude litigation of the claims.

The state court ruled on the summary judgment motion, granting a significant portion of Citizens's motion, the parties each filed motions for reconsideration, and the court issued its decision on February 17, 1998, affirming summary judgment in favor of Citizens on counts I, II, IV and V on the ground that the Bankruptcy Court's April 23, 1996 Confirmation Order constituted "res judicata as to those claims," and on Count III and subparts a, b, c, d, e, g, h, i, j, l, and m of Count VI on the grounds that a "valid and binding general release in the parties' September 16, 1994 Forbearance Agreement precluded Bishay from asserting any claims against Citizens arising from the parties' relationship prior to that date." Memorandum of Decision dated February 17, 1998, p. 2.

It was only after entry of the adverse state court ruling that Bishay attempted to obtain review in the bankruptcy court purportedly for the purpose of clarifying and interpreting the reservation clause in the confirmed plan.[fn1]

DISCUSSION

Bishay argues that the Motion to Clarify and Amend is only a request for clarification, not a request to modify the plan. In this case, it is a distinction without a difference because Bishay cannot prevail on either theory.

If Bishay's motion is characterized as a request for clarification or plan interpretation, the bankruptcy court and state court have concurrent jurisdiction. City of Brady v. Sanders, **936 F.2d 212**, 218 (5th Cir. 1991). Since Bishay voluntarily litigated the scope of the reservation

clause and release in another court, Bishay cannot re-litigate those issues in the bankruptcy court. In the case of City of Brady v. Sanders, 936 F.2d at 217, the Fifth Circuit Court of Appeals concluded that appellants, having voluntarily taken the determination of their rejection damages claim to state court, could not re-litigate the issues in bankruptcy court, even if the state court's ruling was erroneous. The Fifth Circuit affirmed the bankruptcy court's determination that appellants' claim for damages arising from the debtor's rejection of an executory contract was a matter for which the state court had concurrent jurisdiction. Id. When the state court entered summary judgment against them on the grounds that the confirmed plan operated as res judicata precluding their claim, the appellants sought relief in the bankruptcy court. The bankruptcy court determined that the state court judgment, even if erroneous, was entitled to full faith and credit. City of Brady v. Sanders, 936 F.2d at 216.

In Bishay's case, the issues relating to plan interpretation of the scope of Bishay's reservation of claims and release could have been litigated in either the bankruptcy court or the state court. Bahig Bishay and 1095 Commonwealth Avenue Corp. took their chances with the state court and cannot now re-litigate the same issues here. The state court judgment entered against Bishay is entitled to full faith and credit. **28 U.S.C. § 1738**.

Although the bankruptcy court did not expressly use the words substantially consummated when the bankruptcy court's statements[fn2] are considered in context, it is evident that the court denied Bishay's Motion to Amend, in part, because the confirmed plan had been substantially consummated and could not be modified.
**11 U.S.C. § 1127**(b). Whether or not a plan has been substantially consummated is a question of fact, Matter of Potts, **188 B.R. 575**, 579 (Bankr.N.D.Ind. 1995), reviewed for clear error on appeal.

In re Bullion Enterprises, Inc., **185 B.R. 726**, 728 (W.D.Va. 1995). If Bishay's motion is characterized as seeking post-confirmation plan modification, Bishay bears the burden of proving that the plan has not been substantially consummated, Matter of Potts, **188 B.R. 575**, 579 (Bankr.N.D.Ind. 1995), and if substantially consummated, post-confirmation modifications will not be allowed.
**11 U.S.C. § 1127**(b). Bishay did not offer any evidence that the confirmed plan is anything but substantially consummated. To the extent Bishay is seeking to modify a confirmed plan, Bishay's motion is not timely and the bankruptcy court correctly denied Bishay's Motion to Clarify and Amend.

The bankruptcy court's June 19, 1998 Memorandum on the Motion to Clarify and Amend is affirmed.

[fn1] Bishay also admits that he has appealed the state court's ruling to the state appellate court.

[fn2] The bankruptcy court stated the following: "[t]hese two chapter 11 cases essentially ended long ago. This Court, after lengthy hearings, confirmed the Plan of Reorganization in April, 1996-more than two years ago. . (sic) Creditors received payment under that Plan. The Debtors now complain that certain recent state court rulings were erroneous. But the Debtors' remedy is in the state appellate courts, not here." Bankruptcy Court's June 19, 1998 Memorandum on the Motion to Clarify and Amend.

Copyright © 2005 Loislaw.com, Inc. All Rights Reserved