UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BAHIG F. BISHAY, <br> Plaintiff <br> v. <br><br> CITIZENS BANK OF MASSACHUSETTS, <br> Defendant | ) <br> ) <br> ) <br> ) Civil Action <br> ) No. 05-10451-RGS <br> ) <br> ) <br> ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF SUR-REPLY**

Defendant Citizens Bank of Massachusetts' ("Citizens") reply brief (the "Reply Brief") offers nothing to justify the dismissal of Plaintiff Bahig Bishay's ("Bishay") breach of contract ("Breach of Contract") and other claims filed in this action. Most of the Defendant's defenses are self-serving twist on the facts, furthermore inaccurate and unsupported by the history of events relating to this new, separate, action. Plaintiff will therefore not respond to Defendant's attempt to cast aspersions at the Conclusion of its Reply Brief, other than to remind the Defendant and its counsel of the sanctions assessed against both of them in the tune of $200,000 for attempting to defraud the United States Bankruptcy Court and Bishay during the very same proceedings from which this Breach of Contract claim arose. *In re 1095 Comm. Ave. Corp.*, 204 B.R. 284 (Bankr. D. Mass. 1997), *aff'd*, 236 B.R. 530 (D. Mass. 1999).

Plaintiff will accordingly not take up this Court's time addressing each and every new issue now raised by Defendant in its Reply Brief, but will provide the following <u>factual</u> clarification to assist this Court in making an informed determination:

I. **Prior state court litigation.** For all the reasons more detailed in Plaintiff's Verified Complaint and Request for Declaratory Relief, as well as Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, the Defendant

failed to introduce a shred of evidence to support its contention that Bishay's Breach of Contract claim filed with this Court in March 2005, was somehow included in prior state court proceedings. This is because there was <u>no</u> Breach of Contract claim to be asserted until one was actually triggered. Moreover, Citizens conceded in its Statement of Facts that ***"The draw was made in May 1999"***, which opened the door for Bishay to bring this action within six years. Therefore, and by Defendant's own admission, the state court action, which was filed in 1995 (four years earlier), had nothing whatsoever to do with the Breach of Contract claim filed with this Court in March 2005.

II. **Defendant alleges that Plaintiff apparently concedes that all of his claims other than Count II of Breach of Contract must be denied**. To the contrary, Bishay respectfully submits that this silly argument must not endure, as Bishay conceded to <u>nothing</u> of the sort, as confirmed in his Memorandum in Support of Opposition to Defendant's Motion to Dismiss.

III. **Jurisdiction**. Citizens appears to introduce a defense subterfuge here when it ignored the actual Contract and only focused on the Letter of Credit. As more detailed in Bishay's Verified Complaint and Request for Declaratory Relief, as well as Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, the Contract at issue was approved by the United States Bankruptcy Court, and as this Court is well aware, disputes stemming from bankruptcy proceedings are often resolved by this Court during and after such bankruptcy proceedings. Bishay also continues to believe that this Court indeed has the required jurisdiction over the subject matter.

IV. **The Confirmed Plan of Reorganization**. In its attack on the Confirmed Plan of Reorganization (which is referred to herein as the "contract"), Citizens appears confused between the earlier litigation respecting the "reservation" clause within the Confirmed Plan and this separate Breach of Contract action. First, Citizens appears to introduce a time issue of nine years since the Plan was confirmed, but this has nothing whatsoever to do with Bishay's right to assert his Breach of Contract claim, which was triggered by Citizens' wrongful withdrawal against the $500,000 Letter of Credit in 1999, which was set aside for the sole purpose of allowing Bishay to freely prosecute his claims on the merits – even if it took nine additional years to fully litigate Bishay's claims. Therefore, Bishay contends that Citizens' argument is simply misplaced. Second, Citizens appears to disingenuously contend that Bishay had indeed asserted his Breach of Contract claim in the Bankruptcy Court, but this is simply false – as Citizens failed to introduce a scintilla of evidence to support this latest defense. Third, Citizens' strained argument that Bishay's Breach of Contract claim is somehow separated from the bankruptcy proceedings and the Confirmed Plan (the "contract"), and according to Citizens this proposition also prevents this Court from full jurisdiction now, is simply far fetched and requires no comments, as Bishay trusts that this Court will reject such silly argument at once. Fourth, there can be no doubt that the authority vested in Bishay, individually, by the Bankruptcy Court, to freely prosecute his claims against Citizens, was formalized through two separate Orders issued by the United States Bankruptcy Court, which Bishay attached to his Opposition previously filed with this Court, as **Exhibits B&C.**

V.  **1998 proceedings before the BAP.**  While it is abundantly clear that there was no breach of contract to be litigated in 1998, to put this argument to rest, Bishay confirms -- and Citizens cannot dispute because it failed to introduce a shred of evidence to support its repeated contention that Bishay's Breach of Contract claim was somehow previously litigated -- that this Breach of Contract claim was not raised before the BAP (actually because it was not triggered until May, 1999).

VI.  **Citizens alleges that Bishay's present Breach of Contract claim Failed to State a Basis for Relief.**  Again, Citizens appears to rehash arguments that have nothing whatsoever to do with Bishay's present Breach of Contract claim – and because Citizens failed to introduce s shred of evidence to support its defense that Bishay's Breach of Contract claim was somehow previously litigated, Bishay respectfully requests this Court to simply ignore such repetitious alibis. Moreover, Bishay relies on the Relief Sought in his earlier pleadings.

VII.  **Citizens' definition of the subject Breach.**  Citizens now appears to attack the timing of the breach by showing willingness to concede that a breach indeed occurred, but it was in 1997. The problem with this theory is that, Bishay could not have legitimately asserted a breach of contract claim until one was triggered. Bishay contended throughout these recent pleadings that the triggering date was April, 1999 (and Citizens corrected that date and conceded it was May, 1999) when Citizens drew against the Letter of Credit before it allowed Bishay to freely prosecute his claims. While it is understandable that Citizens would do anything now to wipe out Bishay's present action, its argument is simply disingenuous.

4

## CONCLUSION

WHEREFORE, for all the reasons listed above, Citizens' Motion to Dismiss must be denied.

Respectfully submitted

BAHIG F. BISHAY,
Pro se

Dated this 16th day of May, 2005



Bahig F. Bishay
163 Blue Hill Drive
Westwood, MA 02090
Phone: 781.326.3310
Fax: 781.326.6690

## CERTIFICATE OF SERVICE

I, Bahig F. Bishay, hereby certify that on this 16th day of May, 2005, I served a true copy of the within Memorandum in Support of Bishay's Sur-Reply, via First Class Mail to Attorney Jennifer M. Ryan of Brown Rudnick Berlack Israel LLP, at One Financial Center, Boston, MA 02111.

Bahig Bishay