UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10451-RGS

BAHIG F. BISHAY

v.

CITIZENS BANK OF MASSACHUSETTS

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

October 11, 2005

STEARNS, D.J.

On March 10, 2005, Bahig Bishay brought this Complaint against Citizens Bank of Massachusetts (Citizens) alleging breach of the covenant of good faith and fair dealing, breach of contract, fraud, breach of fiduciary duty, unjust enrichment, and a violation of Chapter 93A (Counts I to VI, respectively). On April 7, 2005, Citizens moved to dismiss Bishay's lawsuit, arguing successively that the court lacks subject matter jurisdiction, that the Complaint is an improper collateral attack on a final judgment, that the Complaint is barred by the applicable statutes of limitations, and that it fails to state claims upon which relief can be granted.

This lawsuit is the latest chapter in a decade-old dispute. According to the Complaint, Bishay had been a long-time client of Neworld Bank and its predecessor Charlestown Savings Bank. In 1994, Citizens acquired Neworld and declared Bishay in default on an outstanding $2.5 million loan. Bishay paid the loan down to $1.5 million, but

1

in June of 1995 Citizens sued Bishay in Norfolk Superior Court for the unpaid balance. Bishay responded by bringing a counterclaim against Citizens alleging various types of lender misconduct.

On July 25, 1995, Bishay caused an entity he owned, 1095 Commonwealth Avenue Corporation, to file for Chapter 11 bankruptcy.[1]  On April 23, 1996, the Bankruptcy Court confirmed a Plan of Reorganization (the Plan).  The Plan subsumed Bishay's outstanding debt to Citizens, but by a reservation of rights permitted Bishay to pursue his lender liability claims in the state court on condition that he either post a $500,000 letter of credit (LOC) or grant Citizens a $500,000 lien on one of his properties.[2]

Bishay elected to post the LOC.  Citizens then filed two consecutive motions for summary judgment, arguing that Bishay's counterclaim was either barred by res judicata or had been released under the terms of a 1994 Forbearance Agreement.  In December of 1997, and in February of 1998, the Norfolk Superior Court ruled in Citizens' favor.  Bishay then repaired to the Bankruptcy Court where he filed a "Motion to Clarify and Amend the Reservation Clause in the April 23, 1996 Confirmed Plan of Reorganization, Nunc Pro Tunc, and to Declare that the Alleged Claims of the Debtor are Non-Core."  Bishay argued that intervention of the Bankruptcy Court was necessary to correct "the misunderstanding

---

[1]Bishay filed a petition for personal bankruptcy in September of 1995, which was consolidated with the 1095 Commonwealth Avenue Corporation petition.

[2]The reservation clause stated in relevant part:

[t]he debtors' estates may retain, and by its duly authorized agent representatives settle, release, or prosecute, their alleged claims against Citizens' arising from the transactions between the Debtor and Citizens and related matters . . . .

of the Norfolk Superior Court as to matters expressly reserved by the Bankruptcy Court for adjudication in the Norfolk Superior Court." The Bankruptcy Court rejected Bishay's plea and Bishay appealed to the Bankruptcy Appellate Panel (BAP). See In re 1095 Commonwealth Avenue Corp., BAP No. MB 98-051 *1 (1st Cir. July 14, 1999). The BAP rejected Bishay's appeal holding that his motion for clarification was in reality an untimely motion to modify the confirmation of the Plan.

> In Bishay's case, the issues relating to plan interpretation of the scope of Bishay's reservation of claims and release could have been litigated in either the bankruptcy court or the state court. Bahig Bishay and 1095 Commonwealth Avenue Corp. took their chances with the state court and cannot now re-litigate the same issues here. The state court judgment entered against Bishay is entitled to full faith and credit.

Id. at *3.

In October of 1998, the Superior Court granted Citizens' third motion for summary judgment and dismissed Bishay's six-count counterclaim in its entirety. In addition to ruling in Citizens' favor on the merits, the Court awarded Citizens $360,000.00 in attorneys' fees. When Bishay failed to pay the fee award, Citizens reimbursed itself from the LOC. Bishay then appealed the summary judgment decisions to the Massachusetts Appeals Court. That Court affirmed the Superior Court rulings. Citizens Bank of Massachusetts v. Bishay, 56 Mass. App. Ct. 1104 (2002). Applications for further appellate review were denied by the Supreme Judicial Court and the United States Supreme Court.

Two years later, Bishay filed this Complaint *pro se* asserting, among other claims, a breach of contract. Bishay alleges that Citizens breached the April 23, 1996 Plan of Reorganization by drawing down on the LOC before his counterclaim had been fully

3

adjudicated on the merits.³  Bishay contends that he was:

> entitled . . . to prosecute his Claims, so long as Bishay placed $500,000 in escrow. Citizens, on the other hand, and despite Bishay's compliance with his end of the bargain, deprived Bishay from the fruits of his bargain, as it led the state court to believe that Bishay's Claims were (a) extinguished in the Bankruptcy Court; (b) Bishay allegedly released said Claims in the Bankruptcy Court; and (c) Citizens was entitled to summary judgment, by disingenuously invoking the doctrine of res judicata, as if Bishay's Claims had already been tried and lost, which Citizens knew never happened.

Complaint, ¶ 15. At the crux of Bishay's contract claim is his belief that under the terms of the Plan he was entitled to a trial on the merits of his counterclaims, an entitlement that he lost when Citizens filed its underhanded and misleading summary judgment motions. Bishay maintains that under his "contract" with Citizens, he

> was entitled to freely prosecute his Claims after he placed $500,000 in escrow, and that if after he prosecuted the subject Claims he lost, Bishay was required to then reimburse Citizens for its out pocket costs in defending the subject Claims after the trial (an opportunity Bishay never had in any court, hence the "breach").

Complaint, ¶ 14.⁴

Citizens argues inter alia that Bishay's Complaint constitutes an improper collateral attack on a final judgment. Bishay maintains that his present claims are separate and distinct from his Superior Court counterclaims because they are based on Citizens' breach

---

³The argument rests on the somewhat dubious proposition that the Plan of Reorganization was a contract to which Citizens was a party.

⁴Bishay contends that "the United States Bankruptcy Court indeed authorized Bishay to proceed with the prosecution of the subject claims. . . . It defies commonsense to now hear Citizens argue that it did not guarantee Bishay an opportunity to fully prosecute his claims. Bishay stated in his Verified Claim, Webster's New World Dictionary defines the meaning of the term 'PROSECUTE' as follows: '1 <u>to follow up or pursue (something) to a conclusion</u>.'"  Plaintiff's Memorandum, at 11.

of the Plan and the reservation of rights clause and not on the substantive merits of the counterclaims themselves. Bishay's arguments are unpersuasive on a number grounds. First, even if the Plan could be considered a contract in some fashion binding Citizens, there was nothing in the reservation of rights that waived Citizens' right to mount a summary judgment defense and proceed instead to a trial on the merits. Citizens had the same right as Bishay to fully deploy its defenses including all proper procedural means permitted by statute and rule. A grant of summary judgment, contrary to Bishay's understanding, is a judgment on the merits. Nor did Citizens grant itself summary judgment or award itself attorney's fees. Those decisions were the office of the Superior Court. And as the Bankruptcy Court held, the Superior Court's rulings are entitled to full faith and credit.[5] See Wright Machine Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 688 (1974) (considerations of fairness and judicial economy dictate that there be an end to litigation and that those who have contested an issue be bound by the results). See also Cellotex Corp. v. Edward, 514 U.S. 300, 313 (1995). Bishay unsuccessfully appealed the Superior Court's dismissal of his counterclaims in every conceivable (and some not so available) fora. Bishay's recasting of his dissatisfaction with the adverse rulings of these courts into a breach of contract claim against Citizens does not alter the fact of preclusion. Consequently, the motion to dismiss will be ALLOWED.

### ORDER

For the foregoing reasons, Citizens' motion to dismiss is ALLOWED with prejudice.

---

[5] The Full Faith and Credit Clause commands federal courts to give preclusive effect to the adjudications of sovereign state courts. See University of Tennessee v. Elliott, 478 U.S. 788, 798-799 (1986).

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE